IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL GASPERSON, ROSALIE GASPERSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) No. 6:17-03272-CV-RK |
| v. | )<br>)<br>) |
| PLANO SYNERGY HOLDINGS, INC.,<br>SYNERGY OUTDOORS, LLC,<br>PRIMAL VANTAGE CO., INC.,<br>AMERISTEP, INC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE

Before the Court is Defendants' Motion in Limine to Exclude or Limit the Opinion Testimony of Plaintiff's Expert William Munsell. (Doc. 71.) The motion is fully briefed. (Docs. 72, 78, 80.) Defendants seek to limit or exclude Mr. Munsell's testimony because Defendants argue his testimony is based upon speculation, ignores testimony and evidence, and he has not conducted any reliable tests. Plaintiffs argue Mr. Munsell's opinions satisfy the requirements of *Daubert* and Fed. R. Evid. 702. After careful consideration, Defendants' Motion in Limine is **GRANTED in part** and **DENIED in part** as fully discussed below.

### Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony, and provides that, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Federal Rule of Evidence 702 states,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:
> (a) the expert's scientific knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of this case.

"To satisfy the reliability requirement, the proponent of the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758-59 (8th Cir. 2006). "To show that the expert testimony is relevant, the proponent must show that the reasoning or methodology in question is applied properly to the facts in issue." *Id.* at 759. In *Daubert*, the Supreme Court listed four factors to consider when determining the admissibility of scientific expert testimony:

(1) Whether the proposed evidence has been tested;
(2) Whether the proposed scientific evidence has been subject to peer review;
(3) Whether the potential rate of error is known; and
(4) Whether the proposed evidence is generally accepted in the community.

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).

"Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo*, 457 F.3d at 759. *See also Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991) (noting that Rule 702 "is one of admissibility rather than exclusion"). The traditional method for challenging the conclusions of an expert is through cross-examination. *Lipp v. Ginger C, L.C.C.*, 2017 U.S. Dist. LEXIS 7415, at *14 (W.D. Mo. Jan. 19, 2017). "Attacks on the foundation of an expert's opinion and conclusions, and the completeness of the expert's methodology, go to the weight rather than the admissibility of the expert's testimony." *Id.* (internal quotations and citation omitted). However, expert testimony must be excluded when the opinion "is so fundamentally unsupported that it can offer no assistance to the jury." *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1019 (8th Cir. 2004) (citation and quotation marks omitted). "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Marmo*, 457 F.3d at 759.

## Discussion

In considering this motion, the Court has reviewed the parties' briefing and all exhibits attached with the briefing, including Mr. Munsell's expert report and deposition testimony. Mr. Munsell's opinion is that the ladder rails on the Ameristep Two-Man 15' Ladder Stands ("the Product") are not strong enough and the Product should have been designed with at higher safety factor. After careful consideration, the Court makes the following determinations: Mr. Munsell's

knowledge will help the trier of fact to understand the mechanical design and functioning of the Product; Mr. Munsell's testimony is based on sufficient facts and data; Mr. Munsell's testimony is the product of reliable principles and methods; and Mr. Munsell has reliably applied the principles and methods to this case. While Defendants argue Mr. Munsell's testing and corresponding results are biased and unreliable, Defendants' concerns can be addressed through cross-examination. *See Synergetics, Inc. v. Hurst*, 477 F.3d 949, (8th Cir. 2007):

> Vollmar's testimony was not so fundamentally unsupported that it could offer no assistance to the jury . . . the Appellants had the opportunity to challenge Vollmar's assumptions and methodology, both through cross-examination and by presenting their own expert witness on damages. While other methods for calculating damages may be available, so long as the methods employed are scientifically valid, Appellants' mere disagreement with the assumptions and methodology used does not warrant exclusion of expert testimony.

Accordingly, Mr. Munsell can provide opinion testimony in the following areas of questioning.

**(1) Ladder stand is defective because of a "mechanical design."**

**(2) Angle of the platform at the time of the accident.** Mr. Munsell testified that he did not know the angle at the time of the deposition but that the angle could be determined easily. (Ex. I, p. 78.)

**(3) Whether Mr. Gasperson secured the installation straps to the ladder.** Mr. Munsell testified that he did not know where the straps were tied without the photographs of the accident, which were not provided at the deposition. Mr. Munsell's testimony also states that he knows how the installation straps were installed and that the way they were installed would impact the Product's ability to perform. (Ex. I, pp. 82-83.)

**(4) Safety Harness.** Mr. Munsell's deposition testimony indicates that he has knowledge of safety harnesses as to their "mechanical elements or aspects of them;" therefore, Mr. Munsell can testify as to these issues. Mr. Munsell testified that he has no opinions regarding Mr. Gasperson's lack or use of a safety harness; therefore, he cannot provide testimony on that issue. (Ex. I, pp. 40-41.)

**(5) Whether Mr. Gasperson could reach around the tree at the time of the accident.** Mr. Munsell testified that he had not taken Mr. Gasperson's measurements to determiner whether he could reach around the tree. (Ex. I, pp. 107-08.)

**(6) Accident Reconstruction.** Mr. Munsell stated he did complete accident reconstruction to determine how Mr. Gasperson acted or should have acted. (Ex. 1, p. 21-23.)

3

After careful consideration, the Court finds that Mr. Munsell cannot provide opinion testimony in the following areas:

> **(1) Manufacturing defect.** Plaintiffs' summary judgment briefing states they are not seeking a manufacturing defect claim. (Doc. 77 at 13.) Mr. Munsell states in his deposition that he has no opinion on a manufacturing defect. (Ex. I, pp. 17-18.)
>
> **(2) Quality control.** Mr. Munsell states in his deposition that he has no opinion regarding quality control. (Ex. I, p. 115.)
>
> **(3) Hunter safety.** (Ex. I, pp. 18-19.)
>
> **(4) Whether the straps were long enough concerning the stabilizer bar.** In Mr. Munsell's deposition when asked if Mr. Gasperson had enough rope to tie the stabilizer bar around the tree, Mr. Munsell responded that he did not have an opinion on this. Accordingly, Mr. Munsell cannot testify to this narrow line of questioning. (Ex. I, pp. 72-74.)

This list is not exhaustive and is based from subject areas of questioning Defendants cite in their Motion in Limine. Further, while the Court provides this motion in limine ruling at this time, the Court reserves the right to modify its ruling as needed. After careful consideration, Defendants' Motion in Limine is **GRANTED in part** and **DENIED in part.**

    **IT IS SO ORDERED.**

                                                     s/ Roseann A. Ketchmark  
                                                     ROSEANN A. KETCHMARK, JUDGE  
                                                     UNITED STATES DISTRICT COURT

DATED: April 3, 2019